IN THE UNITED STATES DISTRICT COURT **FILED**

FOR THE DISTRICT OF MONTANA    FEB 1 6 2011

PATRICK E. DUFFY, CLERK

MISSOULA DIVISION    By _____
DEPUTY CLERK, MISSOULA

| | |
|---|---|
| PATRICK KEITH HIRT, ) | Cause No. CV 11-31-M-DWM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER TRANSFERRING PETITION |
| ) | TO COURT OF APPEALS |
| MIKE MAHONEY; ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| MONTANA, ) | |
| ) | |
| Respondents. ) | |

On February 10, 2011, Petitioner Patrick Keith Hirt moved to proceed in forma pauperis with this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Hirt is a state prisoner proceeding pro se.

## I. Second Petition

The petition is Hirt's second under § 2254 challenging the criminal judgment entered in state court on April 26, 2004. Judgment at 9 (doc. 1-2 at 72), Hirt v. Law, No. CV 09-83-M-DWM-JCL (D. Mont. judgment entered Jan. 29, 2010). Hirt says his first petition "raised issues entirely separate from those here," Mot. to Proceed (doc. 2) at 4, and states that he is challenging the Montana Supreme Court's decision

ORDER TRANSFERRING PETITION TO COURT OF APPEALS / PAGE 1

denying him habeas relief under state law, Pet. (doc. 1) at 2 ¶¶ 1-2. Nonetheless, as he was previously informed, he may challenge his state conviction only once in federal court. E.g., Magwood v. Patterson, __ U.S. __, 130 S. Ct. 2788, 2796 (2010); Pet. (doc. 1) at 1 ¶ 6 (Instructions), Hirt v. Law, No. CV 09-83-M. This Court lacks jurisdiction to entertain his second petition. 28 U.S.C. § 2244(b)(2), (3)(A); Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam).

Although the second petition is likely subject to one or more procedural bars, the Court of Appeals would have jurisdiction over an application for leave to file a second or successive petition. Because Hirt's first petition is still pending on his request for a certificate of appealability, see Hirt v. Law, No. 10-35160 (9th Cir. filed Feb. 17, 2010), transfer of Hirt's second petition to that court is in the interest of justice. 28 U.S.C. § 1631; cf. Beaty v. Schriro, 554 F.3d 780, 782-83 & n.1 (9th Cir. 2009).

## II. Motion to Proceed In Forma Pauperis

Transfer of Hirt's petition does not initiate an appeal and triggers no filing fee. Therefore, his motion to proceed in forma pauperis is moot.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Hirt's petition is TRANSFERRED to the Ninth Circuit Court of Appeals as

an application for leave to file a second petition under 28 U.S.C. §§ 2244(b);

2. The Clerk of Court shall advise the Court of Appeals that Hirt v. Law, No. 10-35160, pending in the court of appeals on motion for certificate of appealability, is a related case;

3. The motion to proceed in forma pauperis (doc. 2) is MOOT.

DATED this 16th day of February, 2011.

Donald W. Molloy
United States District Judge